## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA TIPPETT, | ) | CASE NO.: |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| vs. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| | ) | |
| NESTLÉ PREPARED FOODS | ) | |
| COMPANY, *et al.,* | ) | |
| | ) | |
| Defendants. | | |

Defendants respectfully represent to this Court as follows:

1.    Plaintiff Debra Tippett commenced an action against Nestlé Prepared Foods Company ("Nestlé") in the Cuyahoga County, Ohio, Court of Common Pleas, Case No. CV-25-111764, by filing a Complaint and causing a Summons to be issued, copies of which are collectively attached as Exhibit "A."  No further pleadings, process, or orders have been served, and no further proceedings have been had therein.

2.    Nestlé is one of two defendants named in the Summons and Complaint issued in this case, but as explained below, one has been fraudulently joined.

3.    At the time of the alleged events giving rise to the Complaint, plaintiff, an individual, was a citizen and resident of the State of Ohio.  (See Complaint ¶ 1.)  At all times since then, and specifically at the time of the filing of the Complaint, plaintiff has been both a citizen

and resident of the State of Ohio.  Plaintiff is not and has not been a citizen of the State of Delaware or the Commonwealth of Virginia.

4.     At the time of the alleged events giving rise to the Complaint, Nestlé was a Delaware corporation organized and existing under the laws of the State of Delaware whose principal place of business was located in the Commonwealth of Virginia.  Nestlé is not and has not been incorporated in the State of Ohio.  At the time of the alleged events giving rise to the Complaint and at all times since then, Nestlé has been a citizen of the Delaware and Virginia, and not of the State of Ohio.

5.     The Complaint alleges, although incorrectly, that Nestlé is liable to plaintiff for claimed disability discrimination; sex discrimination; age discrimination; negligent training, retention and supervision; and aiding and abetting. The Complaint seeks an amount "in excess of $25,000.00" for compensatory and monetary damages for lost wages, emotional distress, and other consequential damages for her termination over one year ago in 2024. The Complaint prayer also seeks front pay, lost fringe benefits, emotional pain and distress, punitive damages, and attorneys' fees.  During her employment, plaintiff was paid in excess of $20.00/hour plus benefits.  Thus, the combined actual amount in controversy well exceeds the sum of $75,000.00, exclusive of interest and costs.

6.     The Complaint also alleges the existence of Nick Pallini, who it alleges to have been Nestlé Human Resources Generalist.  (Complaint ¶ 2).  The Complaint, however, never identifies what he did other than in general allegations of aiding or abetting.  (*E.g.*, ¶¶ 62, 63).

7.     A case may be removed to federal court if the non-diverse parties have been "fraudulently joined." *Casia v. Wal-Mart Stores, Inc.,* 655 F.3d 428 (6th Cir. 2012). A party has been fraudulently joined if it is clear that there is no claim against that party under state law based

2

on the facts alleged. *Id*. at 432-33.  The court's focus is on whether the plaintiff has a "colorable basis" for "predicting" that the plaintiff may recover against that party. *Id*., at 433. A party has been fraudulently joined if there is no "reasonable basis in law or fact for the claims asserted." *Makoski v. Zimmer Holdings, Inc.,* 538 F. Supp. 3d 757, 761 (N.D. Ohio 2021). There is no reasonable basis for recovery against Pallini based on the Complaint's bare-bones allegations.

8.  Accordingly, this is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that it appears from the Complaint and otherwise that this is an action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and no defendant is a citizen of the State of Ohio.

9.  No defendant was served with a copy of the Summons or Complaint before February 19, 2025.

10.  The filing of this Notice of Removal is timely as it is filed within the time required under 28 U.S.C. § 1446.

11.  Nestlé will give written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal with the Cuyahoga County, Ohio, Court of Common Pleas as required by that Section.

WHEREFORE, defendants request that the above-described action now pending against them in the Cuyahoga County, Ohio, Court of Common Pleas be removed to this Court.

Dated: March 14, 2025                          Respectfully submitted,


                                               */s/ Gregory V. Mersol*
                                               Gregory V. Mersol (0030838)
                                               Lauren T. Stuy (0098853)
                                               BAKER & HOSTETLER LLP
                                               Key Tower
                                               127 Public Square, Suite 2000
                                               Cleveland, Ohio 44114
                                               Telephone: (216) 621-0200
                                               Facsimile: (216) 696-0740
                                               Email: gmersol@bakerlaw.com
                                                      lstuy@bakerlaw.com

                                               *Attorneys for Defendants*