## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

| | |
|---|---|
| DEBRA TIPPETT<br>**Plaintiff**<br><br>V.<br><br>NESTLE PREPARED FOODS COMPANY AND NICK PALL, ET AL<br>**Defendant** | CASE NO. CV25111764<br><br>JUDGE JOAN SYNENBERG<br><br>**SUMMONS** SUMC CM<br><br>Notice ID: 56095718 |

| From: | DEBRA TIPPETT | P1 |
|---|---|---|
| | 17020 MESSENGER ROAD | |
| | CHAGRIN FALLS OH 44023 | |

| Atty.: | STEPHAN I VOUDRIS | |
|---|---|---|
| | 8401 CHAGRIN ROAD  SUITE 8 | |
| | CHAGRIN FALLS, OH 44023-0000 | |

| To: | NESTLE PREPARED FOODS COMPANY | D1 |
|---|---|---|
| | 4400 EASTON COMMON WAY, SUITE 125 | |
| | COLUMBUS OH 43219 | |

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

By_____
**Deputy**

Date Sent: 02/12/2025

CMSN130



# Cuyahoga County Clerk of Courts
# Nailah K. Byrd

**Multilingual Notice:**

You have been named as a defendant in this Court. You must file an answer within 28 days; if you fail to answer, the Court may enter judgment against you for the relief stated in the Complaint. Seek assistance from both an interpreter and an attorney. Your inability to understand, write, or speak English will not be a defense to possible judgment against you.

1. **Spanish (US)**
   \*\*\*Aviso multilingüe:

   Este Tribunal lo ha declarado como acusado. Debe presentar una respuesta en un plazo de 28 días. Si no contesta en dicho plazo, el Tribunal podrá dictar sentencia en su contra por el amparo que se detalla en la demanda. Solicite la ayuda de un intérprete y de un abogado. Su incapacidad para comprender, escribir o hablar inglés no se considerará como defensa ante una posible sentencia en su contra.

2. **Somali**
   \*\*\*Ogeysiis luqadda badan ah:

   Waxaa laguu magacaabay sida eedeysane gudaha Maxkamadan. Waa in aad ku soo gudbisaa jawaab 28 maalmood gudahood; haddii aad ku guuldareysto jawaabta, Maxkamada laga yaabo in ay gasho xukun adiga kaa soo horjeedo ee ka nasashada lagu sheegay Cabashada. Raadi caawinta ka timid labadaba turjubaanka iyo qareenka. Karti la'aantaada aad ku fahmo, ku qoro, ama ku hadasho Af Ingiriisiga ma noqon doonto difaacida xukunkaaga suuralka ah ee adiga kugu lidka ah.

3. **Russian**
   \*\*\*Уведомление на разных языках:

   Вы были названы в качестве ответчика в данном суде. Вы должны предоставить ответ в течение 28 дней; если Ваш ответ не будет получен, суд может вынести решение против Вас и удовлетворить содержащиеся в жалобе требования. Воспользуйтесь услугами переводчика и адвоката. Тот факт, что Вы не понимаете английскую речь и не можете читать и писать по-английски, не является препятствием для возможного вынесения судебного решения против Вас.

4. **Arabic**  \*\*\*ملاحظة متعددة اللغات:

   لقد تم اعتبارك مدعى عليه في هذه المحكمة. يجب أن تقدم ردا خلال 28 يوما؛ وإذا لم تقم بالرد، فقد تصدر المحكمة حكما ضدك بالتعويض المنصوص عليه في هذه الشكوى القضائية. اطلب المساعدة من مترجم فوري ومحام. فلن تعد عدم قدرتك على فهم اللغة الإنجليزية أو كتابتها أو تحدثها دفاعا لك أمام الحكم المحتمل ضدك.

5. **Chinese (Simplified)**
   \*\*\*多語版本通知：

   您在本法庭已被列为被告。您必须于28日内递交答辩状；如果没有递交答辩状，法庭会针对诉状中声明的补救措施对您作出不利判决。请向口译人员和律师寻求帮助。您无法理解、书写或说英语的情况不能作为对您可能作出不利判决的辩护理由。

Justice Center, 1st Floor • 1200 Ontario Street • Cleveland, Ohio 44113-1664 • 216.443.7950

Ohio Relay Service 711 • Website: coc.cuyahogacounty.us



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**February 11, 2025 09:05**

By: STEPHAN I. VOUDRIS 0055795

Confirmation Nbr. 3402147

| | |
|---|---|
| DEBRA TIPPETT | CV 25 111764 |
| vs. | |
| NESTLE PREPARED FOODS COMPANY AND NICK PALL, ET AL | **Judge:** JOAN SYNENBERG |

Pages Filed: 7

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| DEBRA TIPPETT<br>17020 Messenger Road<br>Chagrin Falls, OH 44023<br><br>    Plaintiff,<br><br>v.<br><br>NESTLE PREPARED FOODS COMPANY<br>c/o registered agent CT Corporation System<br>4400 Easton Common Way, Suite 125<br>Columbus, OH 43219<br><br>NICK PALLINI<br>5750 Harper Road<br>Solon, OH 44139<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT FOR DISABILITY DISCRIMINATION, SEX DISCRIMINATION, AGE DISCRIMINATION, NEGLIGENT TRAINING, RETENTION & SUPERVISION, AND AIDING & ABETTING**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff Debra Tippett ("Plaintiff") alleges as follows for her Complaint against Defendants Nestle Prepared Foods Company ("Nestle") and Nick Pallini (collectively "Defendants"):

1. Nestle is a foreign corporation, doing business in Cuyahoga County, Ohio.

2. Pallini was employed by Nestle as a Human Resources Generalist.

3. This Court has subject matter and personal jurisdiction over the claims raised in this Complaint.

4. Venue is proper in Cuyahoga County, Ohio.

5. Plaintiff has suffered damages in excess of $25,000.

6. Plaintiff has exhausted her administrative remedies by filing a charge of discrimination against Nestle and receiving a Right to Sue Letter.

7. Plaintiff has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

8. Nestle first employed Plaintiff as an Ingredient Handler in July 2020. Plaintiff was awarded her bid to become a Line Operator in May 2022. Nestle terminated Plaintiff on or about January 16, 2024.

9. Plaintiff was qualified for her jobs at Nestle.

10. Plaintiff was able to perform the essential functions of her jobs at Nestle.

11. Plaintiff was disabled during her employment at Nestle.

12. Plaintiff's impairments substantially limited one or more of her major life activities.

13. Defendants were aware of Plaintiff's disabilities.

14. Plaintiff has a record of impairments.

15. Defendants regarded Plaintiff as having impairments.

16. Plaintiff had previously requested and been granted leave because of her disabilities.

17. Plaintiff's most recent requested leave was for a definite period of time, with a scheduled return date of February 11, 2024.

18. Granting the leave for a definite period of time would not have constituted an undue hardship to Nestle.

19. Nestle was able to accommodate previous temporary leaves without enduring any undue hardship.

20. Defendants denied Plaintiff her leave request and did not engage in an interactive process with her.

21. Plaintiff was treated differently by Nestle than it treated male and/or younger employees.

22. Nestle discriminated against Plaintiff by assigning her work to younger and/or male Line Operators.

23. Nestle regularly sent Plaintiff home in favor of employees who were male and/or significantly younger who then performed duties outside of their job classification instead of Plaintiff, who was within that job classification.

24. Plaintiff complained about age discrimination and sex discrimination to Human Resources in October 2023 and received assurances that she would be assigned work consistent with her job classification.

25. Defendants never acted upon Plaintiff's discrimination complaints and did not assign Plaintiff work that matched her job classification.

26. Defendants terminated Plaintiff's employment as of January 16, 2024.

## COUNT I
## DISABILITY DISCRIMINATION

27. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 26 above.

28. In violation of Ohio Revised Code § 4112.02, Nestle discriminated against Plaintiff because of her disabilities, because of her record of being disabled, or because of perceived disabilities.

29. Plaintiff was qualified for her job.

30. Plaintiff asked for a reasonable accommodation of a brief period of time off of work because of her disability.

31. Plaintiff's latest leave request was for a definite period of time, with a return date scheduled for February 11, 2024.

32. A leave for a definite period of time did not constitute an undue hardship to Nestle.

33. Nestle discriminated against Plaintiff because of her disabilities.

34. Plaintiff suffered an adverse employment action when Nestle terminated Plaintiff because of her disabilities, because of her record of being disabled, or because Nestle regarded Plaintiff as disabled.

35. Plaintiff has been damaged by Nestle's disability discrimination.

36. Nestle's conduct is the cause of Plaintiff's damages.

37. Nestle acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

## COUNT II
## SEX DISCRIMINATION

38. Plaintiff re-alleges each allegation set forth in paragraphs 1-37 above.

39. Plaintiff is female.

40. In violation of Ohio Revised Code Section 4112.02, Nestle discriminated against Plaintiff because of her sex by assigning work in Plaintiff's job classification to male employees outside of this classification.

41. Plaintiff was qualified for her job with Nestle.

42. Plaintiff suffered an adverse employment action by Nestle sending Plaintiff home and assigning her work to her male counterparts, for which they were not qualified.

43. Nestle's conduct is the cause of Plaintiff's damages.

44. Nestle acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

### COUNT III
### AGE DISCRIMINATION

45. Plaintiff re-alleges each allegation set forth in paragraphs 1-44 above.

46. Plaintiff brings this action under Ohio Revised Code Section 4112.02.

47. Plaintiff was qualified for the positions that she held with Nestle.

48. Plaintiff suffered an adverse employment action on each occasion that Nestle refused to assign her work consistent with her job classification in favor of her significantly younger counterparts, who were less qualified than Plaintiff.

49. Plaintiff has been damaged by Nestle's age discrimination.

50. Nestle's conduct is the cause of Plaintiff's damages.

51. Nestle acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

### COUNT IV
### NEGLIGENT TRAINING, RETENTION & SUPERVISION

52. Plaintiff re-alleges each allegation set forth in paragraphs 1-51 above.

53. There was an employment relationship between Nestle and Pallini.

54. Pallini acted incompetently by terminating Plaintiff, failing to engage in an interactive process, and failing to remedy sex and age discrimination that she reported to Human Resources.

55. Nestle had actual or constructive knowledge of Pallini's incompetent behavior because Plaintiff complained about the unlawful violations.

56. Nestle had a duty to use due care in training, retaining, and supervising Pallini.

57. Nestle breached its duty to use due care in training, retaining, and supervising Pallini.

58. Plaintiff was damaged by Nestle's failure to use due care.

59. Nestle's conduct is the cause of Plaintiff's damages.

## COUNT V
## AIDING AND ABETTING

60. Plaintiff re-alleges each allegation set forth in paragraphs 1-59 above.

61. Plaintiff brings this action under Ohio Revised Code Section 4112.02(J).

62. Defendants have aided in discriminating against Plaintiff because of her disabilities, sex, and age.

63. Defendants have abetted in discriminating against Plaintiff because of her disabilities, sex, and age.

64. Plaintiff has been damaged by Defendants' aiding or abetting.

65. Defendants' conduct is the cause of Plaintiff's damages.

66. Defendants acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendants for her lost wages, front pay, lost fringe benefits, non-economic damages such as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which she is entitled.

JURY TRIAL DEMANDED.

                        Respectfully submitted,

                        /s/ Stephan I. Voudris
                        Stephan I. Voudris, Esq.
                        Supreme Court No. 0055795
                        Julian K. Meyer, Esq.
                        Supreme Court No. 0104320
                        Voudris Law LLC
                        8401 Chagrin Road, Suite 8
                        Chagrin Falls, OH 44023
                        svoudris@voudrislaw.com
                        jmeyer@voudrislaw.com
                        440-543-0670
                        440-543-0721 (fax)

                        *Counsel for Plaintiff*