IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA TIPPETT, | ) | CASE NO. 1:25-CV-00509 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| NESTLÉ USA, INC. (i/s/h/a NESTLE | ) | MEMORANDUM OPINION. |
| PREPARED FOODS COMPANY), ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion to Remand and Motion for Attorney's Fees (ECF #6) and Defendants' Reply alleging fraudulent joinder (ECF #7). For the reasons that follow, Plaintiff's motion to remand and for attorney's fees is denied (ECF #6), and the court finds that the joinder of Nicholas Pallini ("Pallini") is fraudulent.

## DISCUSSION

## LAW AND ANALYSIS

A defendant seeking to remove an action from state court has the burden of demonstrating that the federal court has subject matter jurisdiction. *See Singer v. Montefiore*, 577 F. Supp. 3d 633, 638 (N.D. Ohio 2021). Moreover, courts strictly construe the removal statutes, and all doubts are construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941); *Leys v. Lowe's Home Ctrs.*, Inc., 601 F.Supp.2d 908, 916 (W.D.Mich.2009).

In order for this Court to have diversity jurisdiction over this action, pursuant to 28 U.S.C. §1332(a)(1), the matter in controversy must exceed the sum or value of $75,000 and be between citizens of different states. Moreover, the plaintiff's citizenship must be diverse from

that of each named defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 955 (6th Cir.2017).

## I. Fraudulent Joinder

The burden is on the Defendant to show fraudulent joinder, and, as with any dispute over removal, all doubts are to be resolved against removal. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994); *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432-433 (6th Cir.2012). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against the non-diverse defendant under state law. The Sixth Circuit has instructed trial courts to analyze claims of fraudulent joinder as follows:

> [T]he removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact in favor of the non-removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

This Court recognizes that, "[c]onclusory allegations of wrongdoing or misconduct are insufficient to overcome a claim of fraudulent joinder." *Miner v. Hirschbach Motor Lines, Inc.*, N.D.Ohio No. 1:05CV0703, 2005 U.S. Dist. LEXIS 11249, at *3 (June 7, 2005). Moreover, other "courts have found fraudulent joinder when there is a lack of factual specificity as to non-diverse defendants and when a complaint makes generic reference to all defendants but targets the diverse defendants." *Applegarth v. Power Home Solar, LLC*, 2025 WL 712758, *5 (S.D.Ohio Mar. 5, 2025).

Here, while the citizenship of Plaintiff and Nestle's are diverse, defendant Pallini, destroys diversity jurisdiction. Defendants allege that Plaintiff's claims against Pallini does not meet the colorable claim standard, that is, resolving all disputed questions of fact in favor of the Plaintiff, Plaintiff fails to establish a state cause of action against Pallini. Plaintiff has done nothing more than state generic allegations of wrongdoing in regard to Pallini. In Plaintiff's sixty-six paragraph Complaint (ECF #1), Pallini is mentioned, by name, six times. Only one of those is relevant to his alleged actions, and all other mentions of Pallini are done so in conglomerate with Nestle. The relevant references of Pallini are as follows:

- "Defendants denied Plaintiff her [disability] leave request and did not engage in an interactive process with her." (Complaint ¶ 20).
- "Defendants never acted upon Plaintiff's discrimination complaints and did not assign Plaintiff work that matched her job classification." (Compl. ¶ 25).
- "Pallini acted incompetently by terminating Plaintiff, failing to engage in an interactive process, and failing to remedy sex and age discrimination that she reported to Human Resources." (Compl. ¶ 54).

Plaintiff neglected to include any facts regarding Pallini's involvement in this matter and merely alleges that he acted "incompetently." (Compl. ¶ 54). Additionally, Plaintiff makes no allegations as to any unique or specific involvement of Pallini. Plaintiff's allegations clearly target Nestle, and Pallini's involvement remains illusory. Plaintiff failed to include any distinguishing facts between Nestle and Pallini, the non-diverse defendant. Finally, Plaintiff's Complaint (ECF #1), seeks the same damages from both Defendants. These facts, or lack thereof, fall short of the colorable claim standard and support Defendant's contention that Pallini's joinder is fraudulent.

For the foregoing reasons, Plaintiff's joinder of Pallini was done with the purpose of destroying diversity jurisdiction and therefore constitutes fraudulent joinder. *See Salisbury v. Purdue Pharma,* L.P., 166 F. Supp. 2d 546, 550 (E.D. Ky. 2001) (The court found fraudulent joinder of non-diverse defendants due to lack of factual specificity and unique involvement in the matter.)

II. **Amount in Controversy**

The burden is on the Defendant to show the amount in controversy, and as with any dispute over removal, all doubts are to be resolved against removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S.Ct. 547, 190 L.Ed.2d 495 (2014). "A defendant seeking to remove an action to federal court bears the burden of showing by a preponderance of the evidence that the amount in controversy requirement has been met." *Moulds v. Bank of New York Mellon*, E.D.Tenn. No. 1:11-CV-200, 2011 U.S. Dist. LEXIS 104144, at *9 (Sep. 14, 2011). "To do so, the defendant need not 'research, state and prove the plaintiff's claim for damages.'" *Org. Holdings Ltd. v. BMW Fin. Servs.*, NA. LLC, 753 F. Supp. 3d 590, 597 (N.D.Ohio 2024) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)).

Here, Plaintiff alleges that the amount in controversy exceeds $25,000, however Defendants allege that the amount well exceeds $75,000. Plaintiff states that she is entitled to:

> lost wages, front pay, lost fringe benefits, non-economic damages such emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgement interest, attorney's fees and costs, and all other relief which she is entitled to.

Defendant states that Plaintiff was compensated in excess of $20 per hour, plus benefits, and termination occurred over a year ago. This number alone could exceed $40,000, without

considering Plaintiff's benefits. In addition, Plaintiff has neglected to plead to whether or not lost wages damages have been reduced due to obtaining alternative employment. Plaintiff seeks five other types of damages with estimations unknown to this Court. Defendant is not required to research or estimate the amount of damages sought by Plaintiff, and is in no position do so. Plaintiff failed to provide any facts rebutting the contention that non-compensatory damages would not push the total damages over the jurisdictional requirement. Given this information, it is more than likely that damages could well exceed $75,000. The amount in controversy element in this matter is satisfied.

### III.    Attorney's Fees

"The court 'may' grant fees—if 'the removing party lacked an objectively reasonable basis for seeking removal.'" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "The Court may award costs and fees pursuant to 28 U.S.C. § 1447… The Court has discretion in deciding whether to award costs and fees." *Praisler v. Ryder Integrated Logistics, Inc.*, 417 F.Supp.2d 917, 921 (N.D.Ohio 2006).

Based on the reasoning above, the Defendant had an objectively reasonable basis for seeking removal, and attorney's fees will not be awarded to the Plaintiff.

### CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Remand (ECF #6) is denied.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT COURT JUDGE

DATED June 5, 2025